ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ARIEL J. FREIJE ORTIZ<br><br>Apelante<br><br>v.<br><br>UNION AUTO GROUP USADOS SAN JUAN LLC H/N/C iDRIVE SAN JUAN Y iDRIVE AUTO GROUP<br><br>Apelados | TA2026AP00206 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: SJ2026CV00203<br><br>Sala: 503<br><br>Sobre: *Injunction*, Incumplimiento de Contrato y Daños |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de mayo de 2026.

Compareció el Sr. Ariel J. Freije Ortiz (en adelante, "señor Freije Ortiz" o "apelante") mediante el recurso de Apelación de epígrafe. Nos solicitó la revocación de la *Sentencia* emitida y notificada el 23 de enero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "foro de instancia"). En el aludido dictamen, el foro de instancia desestimó sin perjuicio la *Demanda* de epígrafe en conformidad con la Regla 10.2 de Procedimiento Civil, *infra.*

Por los fundamentos expuestos a continuación, se **revoca** la *Sentencia* apelada y se **devuelve** al foro de instancia para la continuación de los procedimientos.

**-I-**

El 15 de enero de 2026, el señor Freije Ortiz presentó *Demanda*[1] sobre *injunction,* incumplimiento de contrato y daños

---
[1] SUMAC-TPI, entrada núm. 1.

contra Union Auto Group Usados San Juan, LLC h/n/c iDrive San Juan y iDrive Auto Group (en adelante, "Concesionario"). En esencia, alegó que visitó el Concesionario y compró un vehículo de motor —marca BMW, modelo M2, color azul del año 2024— por el precio de venta de $99,000.00. Sostuvo que, como parte de la compra, entregó en *trade in* un vehículo de motor —marca BMW, modelo M235XI, color gris del año 2021— por el cual se le acreditó un total de $29,890.00 para la compra. Razón por la cual, adujo que el Concesionario se obligó a pagar directamente a BMW Financial Services el balance de $20,890 por cancelación del vehículo entregado como *trade in.* Sin embargo, argumentó que el Concesionario incumplió con dicha obligación, provocando la continuación de los cargos mensuales asociados a ese vehículo. Alegó que, tras sus esfuerzos infructuosos para que el Concesionario cumpliera su obligación, instó una querella ante el Departamento de Asuntos del Consumidor (en adelante, "DACO") mediante la cual las partes alcanzaron un acuerdo transaccional, debidamente aprobado y cuyo cumplimiento fue ordenado. Debido al incumplimiento del acuerdo por parte del Concesionario, sostuvo que le solicitó a DACO que ejerciera su autoridad para acudir al foro de instancia y solicitar la ejecución de su orden. Por la inacción de DACO al respecto, solicitó al foro de instancia que emitiera un *injunction* contra el Concesionario para: (i) cancelar el balance pendiente del financiamiento, (ii) ordenar el cumplimiento del acuerdo transaccional y (iii) restituir los pagos realizados indebidamente.

Así las cosas, el 23 de enero de 2026, el foro de instancia a *motu proprio* dictó *Sentencia,* mediante la cual determinó que DACO conservaba la jurisdicción para atender el caso de epígrafe y, en consecuencia, debía abstenerse de intervenir conforme a la doctrina de agotamiento de remedios. Además, concluyó que el señor Freije

Ortiz no demostró la existencia de un daño inminente sustancial o irreparable que ameritara la concesión del remedio extraordinario solicitado. Por lo cual, desestimó sin perjuicio la causa de acción de epígrafe en conformidad con la Regla 10.2 de Procedimiento Civil, *infra.*

En desacuerdo, el 9 de febrero de 2026, el señor Freije Ortiz presentó *Moción de reconsideración*[2] en la cual planteó que la desestimación de la *Demanda* fue prematura y sin mediar el debido proceso de ley. Argumentó que agotó los remedios disponibles, en la medida que DACO no se expresó sobre su solicitud y en sus intentos de comunicarse con su Oficina, una empleada le informó que las mociones se atienden por orden de llegada y que, por la carga de trabajo, su solicitud podría tardar hasta un año en atenderse. Por lo cual, señaló que se vio forzado a acudir en busca del auxilio del foro de instancia. Además, sostuvo que subsisten controversias contractuales y de daños sobre las cuales el foro de instancia tiene jurisdicción para adjudicar.

El 11 de febrero de 2026, el foro de instancia mediante *Resolución Interlocutoria* denegó la solicitud de reconsideración.[3]

Inconforme, el 26 de febrero de 2026, el señor Freije Ortiz acudió ante nos mediante el recurso de epígrafe, en el cual esbozó el señalamiento de error siguiente:

A. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARARSE SIN JURISDICCIÓN PARA ATENDER LA DEMANDA PRESENTADA POR EL APELANTE.

Transcurrido el término dispuesto en la Regla 22 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 38-39, 216 DPR __ (2025), para que el Concesionario presentara su alegato en oposición al recurso de epígrafe, no compareció, por lo que damos

---

[2] *Id.,* entrada núm. 10.
[3] *Id.,* entrada núm. 11.

por perfeccionado el recurso. Así pues, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. Ejecución judicial de ordenes de DACO**

Conforme a la Ley Núm. 5 de 23 de abril de 1973, según enmendada, conocida como *Ley Orgánica del Departamento de Asuntos del Consumidor*, 3 LPRA sec. 341 *et seq.* (en adelante, "Ley Núm. 5-1973"), DACO es una agencia administrativa facultada para vindicar los derechos del consumir y adjudicar las querellas presentadas ante su consideración, así como conceder los remedios que procedan conforme a derecho.

Ahora bien, en nuestro ordenamiento jurídico, las agencias administrativas, a diferencia de los tribunales, no cuentan con poder coercitivo para obligar a que se cumplan sus órdenes y resoluciones. *Ortíz Matías v. Mora Development*, 187 DPR 649, 655 (2013). Esto es, los foros administrativos sólo podrían ejercer efectivamente sus facultades mediante el auxilio de los tribunales. *Díaz Aponte v. Comunidad San José, Inc.*, 130 DPR 782, 795 (1992). En tal sentido, el Secretario de DACO tiene la facultad para acudir al foro de instancia para solicitar que se ponga en vigor las decisiones u órdenes emitidas por la agencia. Artículo 13 (e) de la Ley Núm. 5-1973, 3 LPRA sec. 341 l. De manera que, si el foro de instancia declara con lugar la solicitud de este, la persona que incumpla con el dictamen judicial incurrirá en desacato al Tribunal. *Id.*

Este procedimiento de ejecución judicial de órdenes administrativas no debe confundirse con el procedimiento de revisión administrativa, en la medida que una querella tiene dos etapas. *Ortíz Matías v. Mora Development,* supra, pág. 656.

La primera etapa consiste en el trámite adjudicativo ante la agencia conforme a las disposiciones de la Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* 3 LPRA sec. 9601 *et seq.,* el cual culmina con una determinación final. De esa determinación, la parte afectada puede acudir en revisión ante el Tribunal de Apelaciones. *Ortíz Matías v. Mora Development,* supra, pág. 656. Dicha revisión administrativa, tiene el propósito de revisar las decisiones, órdenes y resoluciones finales de las agencias para delimitar su discreción. Artículo 4.006 (c) de la Ley Núm. 201-2003, según enmendada, conocida como *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003,* 4 LPRA sec. 24y(c).

La segunda etapa consiste en la ejecución de la determinación administrativa una vez adviene final y firme, sin pasar juicio sobre su corrección. *Ortíz Matías v. Mora Development,* supra, pág. 656. En esta etapa, la agencia administrativa **o la parte favorecida** por la determinación administrativa pueden solicitar al foro de instancia que ponga en vigor la referida determinación. *Id.,* pág. 657. En tal circunstancia, el foro de instancia tiene disponible todos los mecanismos de ejecución de sentencia como el desacato. *Id.* En otras palabras, "los tribunales están facultados para poner en vigor y ordenar la ejecución, por la vía procesal ordinaria, de una resolución u orden de una agencia administrativa, así como para conceder cualquier otro remedio que estime pertinente ante el incumplimiento de sus órdenes". *Id.* Sin embargo, este proceso de ejecución judicial de órdenes administrativas "debe convertirse en un ataque colateral a la decisión ni en un método alterno de revisión judicial". *Id.*

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En síntesis, el apelante sostiene que el foro de instancia erró al concluir que carece de jurisdicción para atender la *Demanda* de epígrafe, toda vez que no se agotaron los remedios administrativos en DACO y no se demostró la existencia de un daño inminente que ameritara la concesión de un remedio.

Surge del expediente de autos que, el apelante acudió al foro de instancia —tras el incumplimiento del Concesionario con la determinación final de DACO y la inacción de este último— con el propósito de solicitar la ejecución de la mencionada orden administrativa.

En nuestro ordenamiento jurídico vigente, tanto la agencia correspondiente como la parte favorecida por determinación administrativa final pueden acudir al foro de instancia para iniciar el procedimiento de ejecución de dicha orden. Esto se debe a que las agencias administrativas, a diferencia de los tribunales, carecen de poder coercitivo para obligar el cumplimiento de sus determinaciones. En consecuencia, ante un incumplimiento de una orden o resolución administrativa final, la agencia o la parte interesada pueden solicitar el auxilio del foro de instancia para hacerla efectiva, con la advertencia de que la persona incumplidora podría incurrir en desacato. Sin embargo, este procedimiento de ejecución judicial de una orden administrativa no debe confundirse con el procedimiento de revisión administrativa. De un lado, el proceso de revisión administrativa es la etapa en la que el Tribunal de Apelaciones revisa la determinación de la agencia administrativa. Por otro lado, el proceso de ejecución de orden es la etapa en la cual se impla la determinación final de la agencia —sin pasar juicio sobre su corrección— mediante cualquier remedio que el foro de instancia estime pertinente.

Conforme a lo anterior, el apelante podía acudir al foro de instancia en busca de su auxilio, toda vez que DACO había emitido una determinación final. Por lo que, el foro de instancia tenía jurisdiccion para atender la *Demanda* de epígrafe. Es decir, se trata de un procedimiento análogo al de ejecución de sentencia. Así pues, el foro de instancia cuenta con la jurisdicción necesaria para, previo a los trámites judiciales de rigor, hacer efectiva la determinación final de DACO, en virtud de su amplia facultad para implantar el remedio que estime pertinente. Además de que la parte apelante incoó una causa de acción de daño, la cual el foro de instancia tiene jurisdicción para entender sobre la misma.

Por tanto, concluimos que el foro de instancia erró al desestimar la *Demanda* de epígrafe. En consecuencia, procede que revoquemos la determinación apelada.

### -IV-

Por los fundamentos expuestos previamente, se **revoca** la *Sentencia* apelada y se **devuelve** al foro de instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones